# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH REDD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1459 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion for an Order to Produce Affidavit. For the following reasons, the motion will be denied.

The government moves for an order requiring that movant's former defense counsel, an Assistant Federal Public Defender, provide an affidavit addressing movant's claims of ineffective assistance of counsel before the government files its answer to the motion to vacate. Although movant has waived his attorney-client privilege by raising allegations of ineffective assistance of counsel in his § 2255 motion, see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), discovery and expansion of the record in a § 2255 matter are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The government has not cited any authority for the proposition that a non-party to this action can or should be compelled to provide a pre-answer affidavit.

The government cites Wright v. United States, 2008 WL 4276206 (D. Del. Sept. 17, 2008), for the proposition that while an evidentiary hearing could be conducted on the allegations of ineffective assistance of counsel, the "missing" information can be obtained more expeditiously by requiring Movant's former defense attorney to provide an affidavit responding to the allegations

raised in his § 2255 motion. Id. at * 3. Wright is procedurally distinguishable from the instant case because there the government had filed its answer to the § 2255 motion and the court denied two of the movant's three claims. Apparently on its own motion, the court ordered former defense counsel to submit an affidavit concerning the remaining allegations of ineffective assistance of counsel, in lieu of holding an evidentiary hearing on the claim. The Court has previously declined to follow Wright in the present procedural context, see Fischer v. United States, No. 4:09-CV-1763 CAS (E.D. Mo. Dec. 9, 2009), and declines to do so now.

The Court has reviewed the allegations of the § 2255 motion with respect to ineffective assistance of counsel, and concludes that the government should be able to file its answer as required by Rule 5(b) without an affidavit from defense counsel. The Motion for an Order to Produce Affidavit should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion for an Order to Produce Affidavit is **DENIED**. [Doc. 12]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of January, 2010.